IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TENALOK PARTNERS LTD,

    Plaintiff,

v.                                                       No. 13-2565-Ma

MASSACHUSETTS BAY INSURANCE
COMPANY,

    Defendant.

_____/

**FIRST AMENDED COMPLAINT**

Plaintiff, Tenalok Partners Ltd. ("Tenalok"), by its attorneys, for its First Amended Complaint against Defendant, Massachusetts Bay Insurance Company ("Massachusetts Bay"), states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. At all relevant times hereto, Tenalok was and is a Texas Limited Partnership that owned and operated shopping centers in Shelby County, Tennessee, including but not limited to Frayser Village, Frayser Plaza, and Frayser Center. Frayser Village is located at 2562-2640 Frayser Boulevard, Memphis, Tennessee. Frayser Plaza is located at 2130-2200 Frayser Boulevard, Memphis, Tennessee. Frayser Center is located at 1774-1784 Frayser Boulevard, Memphis, Tennessee. Frayser Village, Frayser Plaza, and Frayser Center shall hereafter be referred to as the "Insured Premises."

2. Massachusetts Bay is a Hanover Insurance Group company with its principal place of business in Worcester, Massachusetts. Massachusetts Bay is registered to do business in Tennessee and is engaged in the business of issuing property and casualty insurance policies for property located within Tennessee, including Shelby County.

3. This First Amended Complaint originates as the result of a storm event that damaged buildings located at the Insured Premises, and Massachusetts Bay's refusal and denial to pay the full amount of Tenalok's claim for insurance proceeds.

## FACTS

4. Massachusetts Bay issued to Tenalok a policy of insurance, which was in effect from October 13, 2010 to October 13, 2011 covering the Insured Premises ("the Policy"). A copy of the Policy is attached as Exhibit "A".

5. Under the Policy, Massachusetts Bay agreed to pay for covered direct physical loss and damage to the insured premises, including loss and damage caused by wind and hail.

6. Tenalok paid the premiums due on the Policy in a timely manner, and has performed all of the duties and responsibilities required of it under the Policy, or alternatively, has been excused from performance by Massachusetts Bay's acts, representations and/or conduct.

7. While the Policy was in full force and effect, on or about February 24, 2011, Tenalok suffered direct, physical loss of or damage to the Insured Premises due to a windstorm (the "Loss").

8. Tenalok promptly and properly made a claim to Massachusetts Bay for insurance benefits under the Policy, namely the costs to repair and/or replace the damage caused by the Loss, and fulfilled all other duties required of it under the Policy after discovery of the Loss.

## COUNT I – BREACH OF CONTRACT

9. Tenalok reasserts and re-alleges paragraphs 1-8 as paragraph 9 of Count I as thought fully set forth herein.

10. Pursuant to the Policy, Massachusetts Bay has a contractual obligation to fully

investigate and adjust the loss, and pay the full amount of Tenalok's covered losses, including the costs to repair and/or replace the damage, less applicable deductible.

11. On July 29, 2012, Massachusetts Bay advised that although it agreed a covered event had caused covered damage, it was refusing and denying payment of the full amount of damage claimed by Tenalok.

12. Tenalok has performed all conditions precedent to its right to recovery under the Policy.

13. Massachusetts Bay has failed and refused to make payment to Tenalok. Unable to resolve the claim outside of litigation, Tenalok promptly sought and retained counsel to assist it in the bringing of this action.

14. Massachusetts Bay's refusal to pay the full amount of Tenalok's loss is in breach of the Policy and Massachusetts Bay is liable to Tenalok for the full amount allowed by the Policy for the Loss.

15. Massachusetts Bay refused and continues to refuse to pay for all of the benefits under the Policy, including the full costs to repair and/or replace the wind damage to the Insured Premises, forcing Tenalok to litigate.

16. Massachusetts Bay breached its contract with Tenalok by:

   a. not promptly paying Tenalok all benefits owed as a result of the covered Loss;

   b. not putting Tenalok in the position it would have been in had it timely performed all of its contractual duties.

17. As a direct and proximate result of Massachusetts Bay's breach of contract, Tenalok:

   a. suffered and will continue to suffer significant property damage;

   b. incurred and will incur in the future costs to repair and/or replace the property

      damage;

c. suffered and will continue to suffer consequential damages;

d. is entitled to an award of prejudgment interest, taxable costs, and investigatory fees; and

e. incurred other expenses as a result of Massachusetts Bay's breach of contract.

WHEREFORE, Plaintiff, Tenalok Partners Ltd., demands judgment in its favor against Defendant, Massachusetts Bay Insurance Company, Inc., as follows:

A. For compensatory damages not to exceed $3,000,000.00;

B. For pre- and post-judgment interest; and

C. For all costs incurred by Tenalok as a result of this action; and

D. For such other further and general relief as this Court deems just and equitable.

### COUNT II – VIOLATION OF TENNESSEE STATUTE § 56-7-105

18. Tenalok reasserts and re-alleges paragraphs 1-17 as paragraph 18 of Count II as though fully set forth herein.

19. Massachusetts Bay's refusal to pay the full amount of Tenalok's Loss is arbitrary and capricious and constitutes bad faith pursuant to Tenn. Code. Ann. § 57-7-105. More than sixty (60) days have passed since a formal demand has been made on Massachusetts Bay and full payment has not been made for the Loss as required by the Policy. Accordingly, the twenty-five percent (25%) statutory penalty for bad faith should be invoked.

20. Massachusetts Bay's bad faith is evidenced by the fact that, at all times hereto, Massachusetts Bay knew, or reasonably should have known, that Tenalok was justifiably relying on the monies and benefits due them under the terms of the Policy. Nevertheless, acting with conscious disregard for Tenalok's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Tenalok,

4

Massachusetts Bay consciously refused to pay the full amount of Tenalok's claim and withheld monies and benefits rightfully due Tenalok.

21. Specifically, Massachusetts Bay's bad faith is evidenced by the facts and allegations set forth in this First Amended Complaint, together with the following:

   a. Massachusetts Bay's intentional failure to fully inform Tenalok of its rights and obligations under the Policy;

   b. Massachusetts Bay's intentional failure to attempt in good faith to effectuate a prompt, fair and equitable settlement of Tenalok's claim when liability was reasonably clear;

   c. Massachusetts Bay's intentional refusal to pay Tenalok's claim and to otherwise honor its obligations under the Policy without conducting a reasonable investigation based on all available information;

   d. Massachusetts Bay's intentional refusal to fully investigate Tenalok's claim and to obtain all available information before alleging that it has no further obligations to Tenalok;

   e. Massachusetts Bay's engaging in acts and practices toward Tenalok that amounts to acts of baseness, vileness, and/or depravity that are contrary to the good faith duties owed to Tenalok;

   f. Massachusetts Bay's intentional failure to properly adjust Tenalok's claim and to pay Tenalok fully for its losses;

   g. Massachusetts Bay's intentional failure to pay all amounts due and owing under the Policy with no reasonable or justifiable basis;

   h. Massachusetts Bay's intentional use of biased "experts" to avoid its contractual obligations to Tenalok;

22. In so acting, Massachusetts Bay intended to and did injure Tenalok in order to protect its own financial interests, and should be punished via the twenty-five (25%) bad faith penalty as authorized by statute.

WHEREFORE, as a result of the foregoing, Tenalok respectfully requests that this Honorable Court award a judgment against Massachusetts Bay as follows:

A. For compensatory damages not to exceed $3,000,000.00;

B. For a statutory bad faith penalty of twenty-five percent (25%), which should be measured by the additional expense, loss, and injury including attorney fees incurred by Tenalok.;

C. For all costs incurred by Tenalok as a result of this action;

D. For pre- and post-judgment interest; and

E. For such other further and general relief as this Court deems just and equitable.

## **DEMAND FOR A JURY TRIAL**

Tenalok demands trial by jury on all issues so triable.

Respectfully submitted,

CHILDRESS DUFFY, LTD.
GILBERT RUSSELL McWHERTER PLC


/s/ Andrew M. Plunkett
_____
Andrew M. Plunkett
*(admitted pro hac vice)*
CHILDRESS DUFFY, LTD.
500 Dearbom Street, Suite 1200
Chicago, IL 60610
(312) 494-0200
(312) 494-0202 (fax)
aplunkett@childresslawyers.com

GILBERT RUSSELL McWHERTER PLC
J. Brandon McWherter #21600
101 N. Highland Ave.
Jackson, TN 38301
(731) 664-1340
(731) 664-1540 (fax)
bmcwherter@gilberfirm.com

*Counsel for Plaintiff, Tenalok Partners Ltd*


## **COST BOND**

This Firm stands as surety for costs in this matter.


/s/ Andrew M. Plunkett

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 15, 2014, a true and exact copy of the foregoing has been served on the following through the United States District Court electronic filing system:

John E. Anderson, Sr.
DICKSON WRIGHT PLLC
424 Church Street, Suite 1401
Nashville, Tennessee 37219
(615) 244-6538
(615) 256-8386 (fax)
janderson@dickinsonwright.com
*Attorneys for Defendant, Massachusetts Bay Insurance Company*

        Respectfully submitted,

        CHILDRESS DUFFY, LTD.
        GILBERT RUSSELL MCWHERTER, PLC

        /s/ Andrew M. Plunkett
        Andrew M. Plunkett
        *(admitted pro hac vice)*
        CHILDRESS DUFFY, LTD.
        500 North Dearborn Street, Suite 1200
        Chicago, Illinois 60654
        (312) 494-0200
        (312) 494-0202 (fax)
        aplunkett@childresslawyers.com

        GILBERT RUSSELL MCWHERTER, PLC
        J. Brandon McWherter #21600
        101 North Highland Avenue
        Jackson, Tennessee 38301
        (731) 664-1340
        (731) 664-1540 (fax)
        bmcwherter@gilberfirm.com
        *Counsel for Plaintiff, Tenalok Partners, Ltd.*