IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **Tenalok Partners LTD.,** ) | |
| ) | |
| ) | |
| Plaintiff, ) | Case No. 13-2565 |
| ) | |
| v. ) | |
| ) | |
| **Massachusetts Bay Insurance Company,** ) ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant Massachusetts Bay Insurance Company's ("Mass Bay") June 26, 2014 Motion for Summary Judgment. (Motion for Summary Judgment, ECF Nos. 69 – 71.) Plaintiff Tenalok Partners LTD. ("Tenalok") responded on July 24, 2014. (Response, ECF No. 76-77.) Mass Bay replied on August 7, 2014. (Reply, ECF No. 78.)

Mass Bay removed the action styled <u>Tenalok Partners v. Massachusetts Bay Insurance Company</u>, No. CT-002684-13, DIV. III, from the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis to this Court. (Removal Notice, ECF No. 1.) The burden to establish federal jurisdiction is on Mass Bay as the removing party. <u>See</u> 28

U.S.C. § 1332; <u>Alexander v. Electronic Data Sys. Corp.</u>, 13 F.3d 940, 948-49 (6th Cir. 1993.)

Mass Bay alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and is between citizens of different states. (Removal Notice at 1.)  Mass Bay alleges:

> Upon information and belief, at the time Plaintiff filed its Complaint and Mass Bay filed its Notice of Removal, Plaintiff was and is a domestic limited partnership organized under the laws of Texas. Plaintiff's general partner is Tenalok Corp., a domestic corporation incorporated under Texas law with its principal place of business in Texas.
>
> At the time Plaintiff filed its Complaint and Mass Bay filed its Notice of Removal, Mass Bay was and still is a New Hampshire corporation with its principal place of business in Massachusetts.

(Removal Notice ¶¶ 4-5.)

"For purposes of determining diversity jurisdiction, a limited partnership is deemed to be a citizen of every state where its general <u>and</u> limited partners reside."  <u>V&M Star, LP v. Centimark Corp.</u>, 596 F.3d 354, 355 (6th Cir. 2010) (internal citations omitted) (emphasis in original).  The Court has an independent obligation to ensure it has subject-matter jurisdiction.  <u>Douglas v. E.G. Baldwin & Assocs., Inc.</u>, 150 F.3d 604, 607 (6th Cir. 1998).  Mass Bay has not alleged that Tenalok Corp. is the sole member of the Tenalok Limited Partnership.  It

is not apparent from the Removal Notice or from a review of the record that there is complete diversity.

Mass Bay is therefore ORDERED to submit evidence sufficient to establish that there is complete diversity between Mass Bay and all of Tenalok's general and limited partners within 14 days of the entry of this Order.

So ordered this 8th day of September, 2014.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE
